UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KW, a minor child, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:04-cv-1972-SEB-VSS |
| ) | |
| METROPOLITAN SCHOOL CORPORATION ) | |
| OF PERRY TOWNSHIIP, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment as to Plaintiff KW**

The claims in this action, as narrowed through certain pretrial proceedings, were the following:

(1) KW's claims of excessive force; illegal search of his person; false arrest; and due process violations during the school expulsion and suspension proceedings which occurred within the applicable statute of limitations; and

(2) Smith-Walker's claim of unlawful search of her vehicle on or about December 2, 2002.

Smith-Walker's claim was resolved through the stipulation of dismissal filed by Smith-Walker and counsel for the defendants on December 15, 2006. The claims of KW, who has not been a minor since at least July 15, 2005, remain. Those claims, however, are assailed through the defendants' motion for summary judgment.

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). To survive summary judgment, the non-movant must set forth "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

> Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, [the non-movant] must respond to the defendants' motion with evidence setting forth specific facts showing that there is a genuine issue for trial. . . . To successfully oppose the defendants' motion for summary judgment, [the non-movant] must do more than raise a "metaphysical doubt" as to the material facts . . . and instead must present definite, competent evidence to rebut the motion.

*Michael v. St. Joseph County,* 259 F.3d 842, 845 (7th Cir. 2001) (internal citations omitted). A non-movant's burden may be met through the designation of specific facts in affidavits, depositions, answers to interrogatories or admissions. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992).  A district court is not required to "wade through improper denials and legal argument in search of a genuinely disputed fact." *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 529 (7th Cir. 2000).

KW failed to oppose the defendants' motion for summary judgment with evidentiary materials or otherwise, and the deadline for him to do so has expired. Accordingly, the factual assertions on which the defendants' motion for summary judgment supported by the evidentiary record are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is the result of Local Rule 56.1(h), of which KW was notified.

As noted above, KW's claims in this case are that he has been the victim of excessive force, illegal search of his person, false arrest, and due process violations during the school expulsion and suspension proceedings. By way of background, the following undisputed facts are noted: Smith-Walker is KW's mother. Perry Meridian High School ("PMHS") is a public high school located in and operated by Perry Township in Marion County, Indiana. The defendants are personnel at the PMHS, school officials in Perry Township, and personnel of the Marion County Sheriff's Department ("MCSD"). K.W. graduated from PMHS in May 2005. His birthday is May 4, 1987. Perry Township forbids drug and alcohol use on school grounds. These policies also forbid attending school under the influence of drugs or alcohol. PMHS also forbids the possession of tobacco products on school grounds by minors. If a student is suspected of violating one of PMHS's drug, or alcohol or tobacco policies, a Vice Principal and School Officer confront the student about the possible violation and offer their help with regard to possible substance abuse issues. If the student is cooperative, they receive only a five-day suspension and a referral to the Reach for Youth program, which assists minors in dealing with drug and alcohol abuse. If the student does not cooperate, they are immediately recommended for expulsion. If the student violates PMHS's drug or alcohol policies a second time, school officials immediately recommend expulsion of the student.

In December of 2002, KW was in Mr. Irwin's office one day at PMHS when the principal (Ed Henry) came in. The principal directed KW to stand up and then "tugged" on KW's pants. The principal searched KW. No contraband was found on KW, but KW began crying, and the principal accused KW of smelling like marijuana. KW was then questioned for three hours. No one intervened to help KW even though he was in distress, and KW was not allowed to call his mother. The police were called. They searched KW, his locker, and his mother's car. KW or the police called KW's grandparents, who lived nearby. The grandparents woke up Smith-Walker and they went to the high school. KW was later expelled for being under the influence of marijuana. This occurred after notice was given to KW and his parents and after a hearing which KW attended and at which he could have presented evidence.

On December 2, 2002, Officer David Stalcup noticed Smith-Walker's Dodge Neon was illegally parked on PMHS property. The Neon had expired license plates. Officer Stalcup's K-9 partner, Tango, indicated to the presence of either heroin, methamphetamine, cocaine or marijuana at approximately four (4) locations on the vehicle. The school administration was contacted and determined that the vehicle belonged to the parents of PMHS student K.W., who was not yet old enough to drive.

On February 5, 2003, KW was arrested by the Marion County Sheriff's Deputy Officer David Stalcup at PMHS based on the existence of an outstanding warrant for KW from Johnson County, Indiana. This warrant had been issued for public intoxication and for failure to appear arising out of the Johnson County Juvenile Division. Because K.W. initially refused to obey Officer Stalcup's instructions, Officer Stalcup grabbed K.W.'s arm just above the elbow, but K.W. "jerked [his arm] back." Officer Stalcup then pushed K.W. down to the floor to obtain his compliance. K.W. continued to resist, leading Officer Stalcup to forcibly bring K.W.'s hands behind his back to get the handcuffs on his wrists. K.W. was arrested for resisting law enforcement and disorderly conduct, as well as based on the warrant from Johnson County.

In 2004, K.W. failed sobriety tests and reeked of marijuana at PMHS. After notice and a hearing, K.W. was suspended from school. Neither K.W. nor Smith-Walker sought judicial review with respect to the expulsion in 2003 or in 2004, although that avenue was available under Indiana law.

K.W.'s claims are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Based on the uncontested evidentiary record, K.W.'s claims uniformly lack merit.

- There was probable cause for K.W.'s arrest on February 5, 2003. This case was no exception to the general rule. "Generally a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate

3

factual foundation." *Juriss v. McGowan,* 957 F.2d 345, 350 (7th Cir. 1992). *See also Baker v. McCollan,* 443 U.S. at 143-44; *Olson v. Tyler,* 771 F.2d 277, 281 (7th Cir. 1985).  The claim of false arrest fails here because there was a warrant for K.W.'s arrest and because there was also probable cause for his arrest based on his actions in resisting arrest. "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford,* 125 S. Ct. 588, 593 (2004) (citations omitted). A law enforcement officer has probable cause to arrest a suspect "when the totality of the facts and circumstances within his knowledge and of which he has reasonably trustworthy information is sufficient to warrant a prudent person in believing the suspect committed or was committing an offense." *Marshall v. Teske,* 284 F.3d 765, 770 (7th Cir. 2002). The searches of K.W. in connection with the incidents involved in this lawsuit were also supported by probable cause, because this inquiry turn on the objective belief of a reasonable person in the officers' position. *See Marshall v. Teske,* 284 F.3d 765, 770 (7th Cir. 2002). In this case, K.W.'s behavior and the surrounding circumstances provided officers with probable cause for each search which occurred. The automobile search, moreover, was made with K.W.'s consent, though in any event the automobile belonged to his parents, not to K.W. himself.

- K.W.'s resistence to the arrest on February 5, 2003, justified the use of force by arresting officer, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham,* 490 U.S. at 396; *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U. S. 1116 (1998). In this case, the arresting officers used only that minimum force that was objectively necessary and reasonable under the circumstances to gain control of K.W. This was not objectively unreasonable, and hence did not violate K.W.'s Fourth Amendment right to be free from unreasonable seizures.

- Although K.W. was disciplined, he failed to challenge those administrative decisions as he was permitted to do under Indiana law. Under these circumstances, those findings are conclusive. Even if the court concluded otherwise, moreover, the expulsion proceedings were accompanied by notice, hearing, written findings, and all the other trappings of due process.

"If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied,* 519 U.S. 1115 (1997); *see also Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary

judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."). That is the case here with respect to K.W.'s claims as analyzed above and with respect to his claims under the various statutes noted by the defendants in the memorandum supporting their motion for summary judgment. The defendants' motion for summary judgment is therefore **granted** as to K.W.'s claims.

The resolution of the claims against K.W. in this Entry, together with the claims resolved through the stipulation of dismissal filed on December 15, 2006, resolves all claims against all parties. Final judgment consistent with this matter shall now issue. No costs are assessed in this action.

**IT IS SO ORDERED**.

Date: 01/24/2007

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana